(7 Misc. Rep. 497.)

SCHMITZER v. WILLNER.

(Common Pleas of New York City and County, General Term. March 6, 1894.)

SUPPLEMENTARY PROCEEDINGS—VACATING ORDER—NOTICE OF MOTION.
    A motion to vacate, for irregularity, an order to examine a debtor in supplementary proceedings, will not be granted, unless the notice of motion specifies the irregularity as required by rule of practice 37.

Appeal from city court, general term.

Action by Hyman Schmitzer against Morris Willner. From an order of the city court affirming an order denying defendant's motion to vacate an order for his examination in supplementary proceedings, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

J. L. Sink, for appellant.

D. Leventritt, for respondent.

PER CURIAM. The order in supplementary proceedings was issued upon the affidavit of David Leventritt, made on June 14, 1893, stating that he was the attorney for the plaintiff, the judgment creditor. The judgment debtor moved to vacate the order upon an affidavit stating that the judgment had been assigned to one Adolph Cohen prior to June 2, 1893; that Cohen had commenced an action against the debtor and others to set aside an alleged fraudulent conveyance of the debtor's property; and that the supplementary proceedings were prosecuted for the purpose of obtaining evidence for Cohen, and to be used for his advantage on the trial of his case. The motion was denied, and we think properly. It is based on two grounds, as now argued before us:

1. That the affidavit in supplementary proceedings was irregular because it was not made by the attorney of the assignee of the judgment, and did not recite the assignment. The irregularity was not specified in the debtor's notice of motion, or order to show cause, as required by the rules, and therefore might be disregarded. Rule 37.

2. That the supplementary proceedings were unauthorized by the assignee of the judgment. But the debtor's affidavit shows the contrary, for he expressly states that the proceeding was taken for Cohen's benefit, in aid of his action to cancel the fraudulent conveyance.

The order is affirmed, with costs and disbursements.